UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION
------------------------------------------------------------------X
IN RE:                                                                                    Chapter 11

MALINKI SLONIK LLC                                                    Case No.: 8-20-72239-AST


                                          Debtor,
------------------------------------------------------------------X

### AFFIRMATION IN SUPPORT OF MOTION FOR AN ORDER TO VALUE THE COLLATERAL KNOWN AS 211 BELMONT AVENUE, WESBURY, NEW YORK 11590 PURSUANT TO U.S. BANKRUPTCY CODE § 506(A)

Rafi Hasbani, Esq. the undersigned, an attorney duly admitted to practice before this Court, affirms under penalty of perjury as follows:

1.    I am an attorney with Hasbani & Light, P.C., attorneys for the debtor Malinki Slonik LLC (the "Movant" or "Malinki Slonik"), and as such I am fully familiar with the facts and circumstances of this case.

2.    I make this Affirmation in Support of the Movant's motion for an Order valuing the collateral known as 211 Belmont Avenue, Westbury, New York 11590 pursuant to U.S. Bankruptcy Code § 506(a).

### Background

3.    On June 15, 2020, Malinki Slonik filed a voluntary petition under Chapter 11, Subchapter V of the Bankruptcy Code and schedules and supplements. *See* ECF Dkt. No.: 1.

4.    To date, no creditor has appeared or filed a proof of claim in the instant bankruptcy.

### The value of the collateral should be set forth as $135,000.00

5.    Pursuant to 11 U.S.C. § 506, Bankruptcy Rule 3012, Malinki Slonik seeks to value the real property securing the mortgage allegedly held by Deutsche Bank National Trust Company, As Trustee Under the Pooling and Servicing Agreement Relating to IMPAC Secured Assets Corp.,

Mortgage Pass-Through Certificates, Series 2006-1 ("DBNTC"). Accordingly, Malinki Slonik seeks a court order valuing the real property known as 221 Belmont Avenue, Westbury, New York 11590 (the "Collateral") at $135,000.00.

6. The Eastern District Bankruptcy court stated in *In re South Side House, LLC* that Bankruptcy Code § 506(a) states the following:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

474 B.R. 391, 412 (Bankr. E.D.N.Y. 2012); *see* 11 U.S.C. § 506(a)(1).

7. The Court in *In re South Side House, LLC* then went on to state that "an undersecured creditor will have a secured claim equal to the value of the collateral and an unsecured claim for the balance." 474 B.R. 391, 413 (Bankr.E.D.N.Y. 2012).

8. The Supreme Court has held that "'value of such creditor's interest'" in 11 U.S.C. § 506(a)(1) means 'the value if the collateral.'" *In South Side House, LLC,* 474 B.R. 391, 413 (Bankr.E.D.N.Y. 2012) *quoting United Sav. Assn of Tex. v. Timbers of Inwood Forest Assocs.*, 484 U.S. 365, 372 (1988).

9. Bankruptcy courts have adopted a flexible approach in determining the specific time period for valuation of the collateral. *See In re South Side House, LLC,* 474 B.R. 391, 413 (Bankr.E.D.N.Y. 2012). "[D]etermining the value of the secured and unsecured portions of the claim is context sensitive...." *In re Sneijder,* 407 B.R. 46, 52 (Bankr.S.D.N.Y.2009). For purposes of plan confirmation, many courts value the collateral as of a date on or near the date of confirmation. *See Planavsky v. County of Broome (In re Planavsky),* 432 B.R. 481, 485 (Bankr.N.D.N.Y.2010); *In re Melgar Enters.,* 151 B.R. 34, 39 (Bankr.E.D.N.Y. 1993).

10. Here, Malinki Slonik provides this Court with a valuation in the form a Broker's Price Opinion (the "Valuation"). A copy of this Valuation is annexed hereto as **Exhibit A**. The

valuation states that the Value of the Collateral is $135,000.00. *See* **Exhibit A**. DBNTC has yet to appear in the instant bankruptcy or file a proof of claim. That said, the amount of the suspected approximate amount of DBNTC's claim was previously $340,640.10. *See* the copy of the filed Schedule D annexed hereto as **Exhibit B**.

11. As such, the Collateral should be valued at its contemporaneous value of $135,000.00. Based upon this valuation, $135,000.00 of the DBNTC's purported claim should be deemed secured and the remained should be deemed unsecured.

12. Therefore, the Debtor's instant motion should be granted and the value of the Collateral should be set pursuant to 11 U.S.C. § 506, Bankruptcy Rule 3012.

**WHEREFORE**, it is respectfully requested that this Court enter an Order i) valuing the collateral pursuant to 11 U.S.C. § 506, Bankruptcy Rule 3012, and ii) for any additional relief that this Court deems appropriate.

Dated: New York, New York
      June 16, 2020                         **HASBANI & LIGHT, P.C.**

                                          */s/ Rafi Hasbani*
                                          Rafi Hasbani, Esq.
                                          450 Seventh Avenue, Suite 1408
                                          New York, New York 10123
                                          Telephone: (212) 643-6677
                                          Email: rhasbani@hasbanilight.com
                                          *Counsel for Debtor*